```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


CYNTHIA SCHLEY, LOUIS C. SCHLEY,

                Plaintiffs,

vs.                                 Case No.  2:05-cv-85-FtM-29DNF

THE RESTAURANT COMPANY, a Tennessee
corporation,    d/b/a    PERKINS
RESTAURANT and BAKERY,

                Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. #14), filed on May 31, 2005. No response has been filed and the time to do so has now expired. As the Motion to Dismiss was filed after the Amended Complaint, the Court will construe the Motion as it applies to the Amended Complaint.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268

F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiffs' claims are and the grounds upon which they rest. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. <u>La Grasta v. First Union Secs., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford County, Ga.</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. <u>Marsh</u>, 268 F.3d at 1036 n. 16.

**II.**

The Amended Complaint (Doc. #12) is brought by African-American plaintiffs Cynthia Schley and Louis C. Schley against the corporation doing business as Perkins Restaurant and Bakery. Although no counts are set forth, jurisdiction is based on 42 U.S.C. § 2000a, <u>et</u> <u>seq.</u> (Title II), and it is alleged that defendant is a public accommodation affecting interstate commerce.

Plaintiffs allege that they "attempted to eat lunch at Defendant restaurant on or about October 23, 2003." (Doc. #12, ¶ 5). Upon arrival, they were greeted, seated, and "got their

beverages promptly." (Id. at ¶¶ 8-9). Plaintiffs allege that they did not receive further service for over 25 minutes and no other customers were in the restaurant. (Id. at ¶¶ 9-10). During the wait, plaintiffs allege that white customers entered the restaurant and were promptly served. Plaintiffs allege that an additional 30 minutes passed as they watched all the customers receive their food. (Id. at ¶ 12). Plaintiffs waited 35-40 more minutes before asking for a manager. (Id. at ¶ 13). Plaintiffs allege that they never received their food. (Id. at ¶ 16).

Plaintiffs seek judgment for actual and compensatory damages, "mental pain and suffering; embarrassment; humiliation, inconvenience, loss of enjoyment of life, punitive damages, reasonable attorney fees and costs" and other appropriate relief.

### III.

Defendant argues that the Amended Complaint should be dismissed because plaintiffs have asserted a claim for monetary damages and Title II provides only for injunctive relief. In the alternative, defendant argues that the request for damages should be stricken.

Under Section 2000a, et seq., "[w]henever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction,

restraining order, or other order, may be instituted by the person aggrieved. . . ." 42 U.S.C. § 2000a-3(a). Title II provides a private cause of action for an aggrieved party to receive injunctive relief, but a plaintiff cannot recover damages. Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 401-02 (1968).

The Amended Complaint does not expressly seek injunctive relief, although it does request "all other proper relief . . ." "The Supreme Court has held that, in order to claim injunctive relief, a plaintiff must show a 'real or immediate threat that the plaintiff will be wronged again--a likelihood of substantial and immediate irreparable injury.'" Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1007 (11th Cir. 1997)(citations omitted). If the Court were to simply strike the request for damages, the Amended Complaint does not contain any factual allegations supporting injunctive relief. As a result, taking all allegations as true, the Court finds that plaintiffs have not stated a claim for relief under Title II, and that the case is due to be dismissed.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. #14) is **GRANTED** and the Amended Complaint (Doc. #12) is **dismissed without prejudice** for failure to state a claim for relief.

2.  The Clerk shall enter judgment dismissing the case without prejudice for failure to state a claim for relief and close the case.  The Clerk is further directed to terminate all pending motions and deadlines as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of July, 2005.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD